UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ARNAE FULTON-DRAUGHON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   3:17-cv-155 |
| | ) |
| HUNTER WARFIELD, INC., | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, ARNAE FULTON-DRAUGHON ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, HUNTER WARFIELD, INC., ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. §392, et al.  ("TDCA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k, and 15 U.S.C. 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

1

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Pearland, Brazoria County, Texas.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

10. Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Tampa, Florida.

12. Defendant is a business entity engaged in the collection of debt within the State of Texas.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt that does not belong to Plaintiff.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. In or around February 2017, Defendant began calling Plaintiff on Plaintiff's cellular telephone, ending in 8044.

21. Defendant calls Plaintiff from 813-283-4680 and 844-494-7299, which are two of Defendant's telephone numbers.

22. On or around March 6, 2017, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's female collectors.

23. During the aforementioned conversation, Defendant's female collector refused to give Plaintiff any information regarding the debt, even after Plaintiff asked for verification. Defendant's female representative further threatened Plaintiff that Defendant was going to come to Plaintiff's place of employment with a warrant for her arrest.

24. During the aforementioned conversation, Plaintiff requested that Defendant stop calling her.

25. Despite this request, Defendant continued to place collection calls to Plaintiff on her cellular telephone.

26. On or about March 8, 2017, Plaintiff again answered on of Defendant's calls and spoke

with one of Defendant's male representatives.

27. During the aforementioned conversation, Defendant's male representative informed Plaintiff they were collecting on fraudulent check charges.

28. On or about March 10, 2017, Agruss Law Firm, LLC, mailed Defendant a cease and desist letter on behalf of Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling her; and

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling her;

    c. Defendant violated §1692e of the FDCPA by using false, deceptive, and misleading representation or means in connection with collection of any debt when Defendant's representatives threatened Plaintiff that Defendant would come to Plaintiff's place of employment with a warrant for Plaintiff's arrest and when Defendant accused Plaintiff of check fraud;

    d. Defendant violated §1692e(4) of the FDCPA by representing or implying that nonpayment of any debt will result in the arrest of any person, when Defendant's

4

representative threatened Plaintiff that Defendant would come to Plaintiff's place of employment with warrant for Plaintiff's arrest;

e. Defendant violated §1692e(5) of the FDCPA by threating to take any action that cannot legally be taken or that is not intended to be taken, when Defendant's representative threatened Plaintiff that Defendant would come to Plaintiff's place of employment with warrant for Plaintiff's arrest; and

f. Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect any debt, when Defendant's representative threatened Plaintiff that Defendant would come to Plaintiff's place of employment with warrant for Plaintiff's arrest.

WHEREFORE, Plaintiff, ARNAE FULTON-DRAUGHON, respectfully requests judgment be entered against Defendant, HUNTER WARFIELD, INC.., for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

32. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

33. Plaintiff repeats and realleges paragraphs 1-28 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

34. Defendant violated the TDCA based on the following:

a. Defendant violated Tex. Fin. Code §392.301(2) by accusing falsely a person of fraud, when Defendant's representative informed Plaintiff they were collecting

5

on fraudulent check charges;

b. Defendant violated Tex. Fin. Code §392.301(5) by threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceedings, when Defendant's representative threatened Plaintiff that Defendant would come to Plaintiff's place of employment with warrant for Plaintiff's arrest; and

c. Defendant violated Tex. Fin. Code §392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling her.

WHEREFORE, Plaintiff, ARNAE FULTON-DRAUGHON, respectfully requests judgment be entered against Defendant, HUNTER WARFIELD, INC., for the following:

35. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

36. For attorneys' fees, costs and disbursements;

37. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

38. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  May 9, 2017         RESPECTFULLY SUBMITTED,

                By: /s/ Michael S. Agruss
                    Michael S. Agruss
                    SBN: 6281600
                    Agruss Law Firm, LLC
                    4809 N. Ravenswood Ave., Suite 419
                    Chicago, IL 60640
                    Tel: 312-224-4695
                    Fax: 312-253-4451
                    michael@agrusslawfirm.com
                    Attorney for Plaintiff